**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **BRIDGET C. DRIVER, et al** | **CIVIL ACTION NO. 09-786** |
| **-vs-** | **JUDGE DRELL** |
| **WAL-MART LOUISIANA, LLC, et al.** | **MAGISTRATE JUDGE KIRK** |

**REPORT AND RECOMMENDATION**

Before the Court is plaintiffs' Motion to remand, **Doc. # 8**, referred to me by the district judge for Report and Recommendation. Plaintiff also seeks attorney fees. Likewise, defendant, Wal-Mart, also seeks attorney fees, **doc. #11**.

FACTUAL BACKGROUND

Plaintiff, Bridget C. Driver, alleges that she was a customer in the Alexandria, Louisiana Wal-Mart store on December 17, 2007 when a box fell on her foot causing her injuries. Plaintiff filed suit in state court against Wal-Mart and against the sporting goods department manager, Joseph Balthazar, and the store manager, Michael Gremillion. Wal-Mart removed the case to this court and argues that the two managers were fraudulently joined. It also argues that the amount in dispute exceeds $75,000 based on medical records it attached to its petition for removal.

Plaintiff filed the instant motion to remand claiming that the removal was untimely, and that the two managers were properly joined. Defendant, Wal-Mart, argues that, because there is no reasonable possibility of recovery against the managers under Louisiana law, complete diversity exists and jurisdiction is proper in this court.

DISCUSSION

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000. 28 U.S. § 1332(a); Caterpillar v. Lewis, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2635 (2005). Therefore, where one plaintiff and one defendant are from the same state, ordinarily federal courts have no jurisdiction under § 1332. However, any party may argue that such a case is removable on the basis that complete diversity *would* exist if not for the fact that the non-diverse parties have been improperly joined in the suit. "Improper Joinder" can be established by actual fraud in the pleading of jurisdictional facts, or an inability of a plaintiff to

2

establish a cause of action against a defendant in state court. *McKee v. Kansas City Southern Railway Co.*, 358 F.3d 329, 333 (5th Cir. 2004); Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

Defendants allege that plaintiffs have no reasonable possibility of recovery against the individual defendants, the store manager, Mr. Gremillion and the sporting goods department manager, Mr. Balthazar. Their burden of proof is a heavy one. See Ross v. Citifinancial, 344 F.3d 458, 463 (5th Cir. 2003); Travis, 326 F.3d at 648. Our inquiry is similar to that made when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim. Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004).

To prove improper joinder, the defendants must put forth evidence that would negate a possibility of recovery against the non-diverse defendant(s). *Id.* All disputed questions of fact and ambiguities of law must be construed in the plaintiff's favor. Travis, 326 F.3d at 648. Furthermore, the Fifth Circuit has cautioned against a finding of improper joinder before the plaintiff has had sufficient time for discovery. *Id.* at 651 (ordering federal district court to remand case to state court after finding that plaintiff had a reasonable possibility of recovery under state law). "Simply

3

pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for (the plaintiff) to establish (the defendant's) liability at trial." *Id.* Plaintiffs are citizens of Louisiana, while Wal-Mart is a foreign corporation. However, Mr. Lowery also resides in Louisiana. His presence in the suit would destroy the complete diversity required by federal law.

The plaintiffs allege that the two managers "negligently placed and/or allowed a box . . .in an unsafe manner". They also allege in several particulars in paragraph 9. general claims of fault such as "carelessly and negligently failing to exercise reasonable care . . ." and "failing to warn".

In discerning whether a non-diverse defendant has been fraudulently joined, the court must determine whether the plaintiff has any possibility of recovering against the non-diverse defendant. Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100-101 (5th Cir.) 1990. Under Louisiana law, a store manager or other employee may not be held liable for an invitee's injury on store premises unless four distinct criteria are satisfied. Canter v. Koehring Co., 283 So.2d 716, 721 (La. 1973); Ford v. Elsbury, 32 F.3d 931, 936 (5th Cir. 1994). First, the employer must owe a duty of care to the third person, the breach of which has caused the damage

4

for which recovery is sought.  <u>Canter</u>, 283 So.2d at 721. Second, this duty is delegated by the employer to the employee.  *Id.* Third, the employee has breached this duty through personal fault, as contrasted with technical or vicarious fault.  *Id.* Fourth, personal liability cannot be imposed upon the employee because of his general administrative responsibility for performance of some function of employment.  *Id.* He must have a personal duty to the plaintiff, and the breach of that duty must have caused the plaintiff's damages.  *Id.* Also, if the defendant's responsibility was delegated with due care to a subordinate, he is not liable unless he knew or should have known of the non-performance or mal-performance of the duty by the subordinate.  *Id.*

In order to state a cause of action against Wal-Mart's managers, then, it must be shown that Wal-Mart delegated its duty to them and that they personally breached that duty.

Wal-Mart, as a merchant, owes its patrons a duty to exercise reasonable care to keep its floors in a reasonably safe condition, ensuring that the premises are free of hazardous conditions which might reasonably cause damage. La. R.S. 9:2800.6.

Here plaintiff is alleging that the two managers personally placed the box in the aisle in a neglgent manner. However, defendants have attached the affidavits of the two individual defendants to dispute those allegations. Mr. Gremillion attests that he was not even the store manager at the time of the accident.[1] Further, Mr. Balthazar's afidavit shows that he was not the sporting goods manager att he time of the accident and did not place the boxes. These affidavits have not been controverted by the plaintiffs.

This case is similar to <u>Brady v. Wal-Mart *Stores*</u>, 907 F.Supp. 958, 960 (M.D. La. 1995), in which a store manager was sued for failing to prevent a stack of boxes from falling on an invitee's head. The court noted that, although plaintiff accused the manager of being responsible for stacking the boxes improperly, there was no accusation that the manager himself stacked the boxes, and the plaintiff could not reveal who personally caused the accident. *Id.* Holding that it was improper to hold a manager liability for breaches of his general administrative duties as store manager, the court agreed he had been improperly joined. *Id.* at 961.

---

[1] A plaintiff's attorney has a duty to investigate his client's claims prior to filing suit. FRCP 11 (b).

This court has repeatedly recognized these principles. See, for example, district judge Drell's opinion in <u>Carter v. Wal-Mart</u>, 04-0072 on the docket of this court.

As in <u>Brady</u>, this is a classic case of attempting to place liability upon a store manager "simply because of his general administrative responsibility for performance of some function of employment." <u>Canter</u> at 721. There is no such theory of recovery under Louisiana law. Therefore, plaintiff's claims against Balthazar and Gremillion fall short as a matter of law; thus, they have been improperly joined and their presence in the suit should be disregarded for the purposes of determining jurisdiction, that is, whether complete diversity of the parties exists. Both should be dismissed as a defendant.

Next, plaintiff argues that the defendant's removal was untimely. Suit was filed in state court on December 3, 2008 and Wal-Mart was served on December 19, 2008. The removal was not filed until May 13, 2009. However, in the meantime, defendant had propounded interrogatories and requests for admissions to the plaintiffs regarding the amount in dispute. The amount in dispute was not apparent from the face of the complaint (See paragraph 12.). In plaintiffs' answers to the admissions they expressly admitted that the amount in dispute

as to Bridget Driver's claim exceeded $75,000. Defendant shows those answers were served on April 24th 2009. In addition, plaintiff's deposition was taken on April 23rd in which, for the first time, defendant asserts it learned that plaintiff's injuries exceeded the jurisdictional limits.

The petition for removal was, therefore, timely filed within 30 days of the date on which defendants first learned that the plaintiffs damages may exceed the jurisdictional limits.

The removal was timely filed and the only properly joined parties are completely diverse. Therefore, the motion to remand should be denied.

## CONCLUSION

IT IS RECOMMENDED that the motion to remand, including the motion for attorney fees doc. #8, be DENIED. IT IS FURTHER RECOMMENDED that defendant's motion for attorney fees, doc. #11, be GRANTED due to the obvious failure to properly investigate the allegations before filing suit. IT IS RECOMMENDED THAT defendants Balthazar and Gremillion be dismissed as defendants.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days

from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 11th day of August, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE